## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MODERN TELECOM SYSTEMS, LLC )<br><br>Plaintiff, )<br><br>v. )<br><br>AEROHIVE NETWORKS, INC., )<br><br>Defendant. ) | C.A. No. _____<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Modern Telecom Systems, LLC ("MTS" or "Plaintiff"), for its Complaint against Aerohive Networks, Inc. ("Aerohive" or "Defendant") alleges the following:

## NATURE OF THE ACTION

1.      This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*

## THE PARTIES

2.      Plaintiff is a limited liability company organized under the laws of the State of Delaware with a place of business at 913 N. Market Street, Suite 200, Wilmington, DE 19801.

3.      On information and belief, Defendant is a corporation organized under the laws of Delaware with a place of business at 1011 McCarthy Boulevard, Milpitas, California 95035. The Delaware Division of Corporations identifies Defendant's registered agent in Delaware as the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

4.      On information and belief, Defendant sells and offers to sell products and services throughout the United States, including in this District, and introduces products and services into the stream of commerce and that incorporate infringing technology knowing that it would be sold in this District and elsewhere in the United States.

5.      On information and belief, Defendant conducts a significant, persistent and regular amount of business in this District through product sales by its distributors and resellers and through online marketing, and derives substantial revenue from such business.

## JURISDICTION AND VENUE

6.      This is an action for patent infringement arising under the Patent Laws of the United States, Title 35 of the United States Code.

7.      This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

8.      Venue is proper in this District under 28 U.S.C. §§ 1391(b), (c) and/or 1400(b). On information and belief, Defendant has placed, and is continuing to place, infringing products into the stream of commerce, via an established distribution channel, with the knowledge and/or understanding that such products are sold in this District.  Defendant, directly or through intermediaries, conducts business in this District, and at least a portion of the acts of infringement and claims alleged in this Complaint have taken place and are continuing to take place in this District.

9.      On information and belief, this Court has personal jurisdiction over Defendant because it is incorporated in Delaware and has purposefully availed itself of the privileges and benefits of the laws of the State of Delaware.  Further, Defendant is subject to this Court's general and specific personal jurisdiction because Defendant has sufficient minimum contacts within the State of Delaware, pursuant to due process and/or the Delaware Long Arm Statute,

because Defendant purposefully availed itself of the privileges of conducting business in the State of Delaware, and because Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Delaware, including regularly doing or soliciting business and deriving substantial revenue from products and services provided to individuals in this District.  The exercise of jurisdiction over Defendant would not offend traditional notions of fair play and substantial justice.

## BACKGROUND

10.     The technology claimed in the patent asserted in this action was invented during the research and development activities of the Rockwell family of companies, including Rockwell Semiconductors Systems, Inc., Conexant Systems, Inc. ("Conexant"), and Mindspeed Technologies, Inc. ("Mindspeed").  In 1998, Rockwell International spun off its Rockwell Semiconductor group and renamed it Conexant.  Conexant inherited Rockwell's mixed signal semiconductor expertise and intellectual property portfolio, and was focused on developing semiconductor products for a broad range of communications networks.  Conexant's Internet Infrastructure group was incorporated as a wholly-owned subsidiary named Mindspeed Technologies, Inc. ("Mindspeed") in 2001 and spun-off as an independent entity in 2003.  Mindspeed's focus was on semiconductor and software solutions for Internet access devices, switching fabric, and network processors.

11.     Plaintiff is the owner of the patent asserted in this action and has the exclusive right to sue and collect remedies for past, present, and future infringement of the patent.

12.     Plaintiff assumed all the rights and obligations related to the patent from Modern Telecom Systems, LLC ("MTS-CA"), a California limited liability company,

which had assumed all the rights and obligations related to the patent from Glocom

Patents Licensing, LLC, which had assumed all the rights and obligations related to the

patent from V-Dot Technologies, LLC (formerly, V-Dot Technologies, Limited)

("VDOT"), which had assumed all the rights and obligations related to these patents from

Telecom Technology Licensing, LLC ("TTL"), which had assumed all the rights and

obligations related to the patent from Mindspeed.  Conexant, the assignee identified on

the face of the patent, assigned the patent to Mindspeed in an assignment dated June 27,

2003.

### INFRINGEMENT OF U.S. PATENT NO. 6,504,886

13.    The allegations set forth in the foregoing paragraphs 1 through 12 are

incorporated by reference into this claim for relief.

14.    On January 7, 2003, U.S. Patent No. 6,504,886 ("the '886 Patent"), entitled

"Communication of an Impairment Learning Sequence According to an Impairment

Learning Sequence Descriptor," was duly and legally issued by the United States Patent

and Trademark Office.  A true and correct copy of the '886 Patent is attached as Exhibit

1.

15.    The '886 Patent issued from United States Patent Application No.

09/956,207 ("the '207 Application"), filed on September 19, 2001.  The '207 Application

is a Continuation of U.S. Patent Application No. 08/969,971, entitled "Method and

Apparatus for Generating a Line Impairment Learning Signal for a Data Communication

System," filed November 13, 1997, now U.S. Patent No. 6,332,009, which is a

Continuation-In-Part of U.S. Patent Application No. 08/922,851, entitled "Method and

Apparatus for Generating a Programmable Synchronization Signal for a Data

Communication System," filed September 3, 1997, now U.S. Patent No. 6,212,247.

16.     Plaintiff is the assignee and owner of the right, title, and interest in and to the '886

Patent, including the right to assert all causes of action arising under the '886 Patent and the right

to any remedies for infringement of the '886 Patent.

17.     Defendant has infringed and continues to infringe the '886 Patent under 35 U.S.C.

§ 271, literally or under the doctrine of equivalents, by making, using, selling, and/or offering for

sale in the United States, and/or importing into the United States, infringing products without

authorization (hereafter "Infringing Instrumentalities").  At a minimum, Infringing

Instrumentalities include all Aerohive routers, access points and other devices that operate

pursuant to Part 11: Wireless LAN Medium Access Control (MAC) and Physical Layer (PHY)

Specifications of IEEE Std 802.11™ -2012 and IEEE Std 802.11™ -2009 (collectively, the

relevant "Wi-Fi Standard").  This includes products like the Aerohive AP250 Access Point

which is configured to operate pursuant to the Wi-Fi Standard.

18.     Defendant directly infringed and continues to directly infringe at least claim 18[1] of

the '886 Patent by making, using, selling, offering to sell, importing and/or providing and

causing to be used the Aerohive AP250 Access Point which satisfies, literally or under the

doctrine of equivalents, each and every claim limitation of claim 18 of the '886 Patent.  The

correspondence between the limitations of claim 18 of the '886 Patent and the Aerohive AP250

Access Point is shown in the claim chart attached hereto as Exhibit 2.  The claim chart is

incorporated by reference as if set forth herein.  The citations to the Wi-Fi Standard in the claim

---

[1] Plaintiff reserves the right to identify additional asserted claims and accused products as
this litigation proceeds.  For example, Plaintiff expressly reserves the right to identify
additional asserted claims and accused products in its infringement contentions to be
served during the discovery process.

chart are required for a product configured to operate pursuant to the Wi-Fi Standard.  Additional details relating to the Aerohive AP250 Access Point and its infringement are within the possession, custody or control of Defendant.

19.    Defendant provides users of the Aerohive AP250 Access Point with instructions on how to connect to Wi-Fi network and markets Wi-Fi connectivity in their promotional materials for the Aerohive AP250 Access Point.  To connect to a Wi-Fi network, the Aerohive AP250 Access Point needs to operate pursuant to the Wi-Fi Standard and the required portions of the Wi-Fi Standard necessarily practice at least claim 18 of the '886 Patent.

20.    On information and belief, the identified structure and functionality of the Aerohive AP250 Access Point that are shown in the claim chart are representative of the structure and functionality present in all Infringing Instrumentalities including but not limited to Aerohive products with the following designations or trade names: AP550 Access Point, AP245X Access Point, AP122 Access Point, AP130 Access Point, AP230 Access Point, AP1130 Access Point, AP121 Access Point, AP141 Access Point, AP330 Access Point, AP350 Access Point, BR100 Router and BR200 Router.   On information and belief, any other product of Aerohive that operates pursuant to the Wi-Fi Standard is also an Infringing Instrumentality. Additional details relating to Infringing Instrumentalities and their infringement are within the possession, custody or control of Defendant.

21.    Plaintiff offers this preliminary identification and description of infringement without the benefit of discovery or claim construction in this action, and expressly reserves the right to augment, supplement, and revise its identification and description of infringement based on additional information obtained through discovery or otherwise.

22.     On information and belief, Defendant had knowledge and became aware that its products that operate pursuant to the Wi-Fi Standard infringe the '886 Patent prior to the filing of this Complaint.  By way of example, prior to the filing of this Complaint, Aerohive received a letter from MTS stating that the '886 Patent was being used in WiFi-enabled products that were being used, offered for sale and sold by Aerohive.  Discovery in this matter may reveal that Defendant is liable for willful infringement and/or has induced others to infringe the '886 Patent.

23.     Defendant's acts of infringement have caused damage to Plaintiff, and Plaintiff is entitled to recover from Defendant the damages it has sustained as a result of Defendant's wrongful acts in an amount subject to proof at trial.

## JURY DEMAND

24.     Plaintiff requests a jury trial of all issues in this action so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A.     Declaring that Defendant has infringed the '886 Patent.

B.     Awarding damages arising out of Defendant's infringement of the '886 Patent to MTS, together with prejudgment and post-judgment interest, in an amount according to proof.

C.     Awarding attorneys' fees to MTS pursuant to 35 U.S.C. § 285 or as otherwise permitted by law.

D.     Awarding such other costs and further relied as the Court may deem just and proper.

-7-

Dated: September 24, 2018

**KLEHR HARRISON
HARVEY BRANZBURG LLP**

*/s/ Sean M. Brennecke*
919 Market Street, Suite 1000
Wilmington, Delaware 19801
Telephone:  (302) 552-5518
Facsimile:   (302) 426-9193
sbrennecke@klehr.com

-and-

Benjamin E. Fuller, Esq.
(*pro hac vice* motion to be filed)
KLEHR HARRISON
HARVEY BRANZBURG LLP
1835 Market Street, Suite 1400
Philadelphia, Pennsylvania 19103
Telephone: (215) 569-4769
Facsimile: (215) 568-6603
bfuller@klehr.com

**OF COUNSEL:**

Daniel S. Carlineo
Nelson M. Kee
**CARLINEO KEE, PLLC**
1517 17th Street, NW, 3rd Floor
Washington, DC 20036
(202) 780-6109
dcarlineo@ck-iplaw.com
nkee@ck-iplaw.com

*Attorneys for Plaintiff
Modern Telecom Systems, LLC*

-8-